■ JOSEPH ARONOW et al., Appellants, v JACK SOMMER et al., Respondents, et al., Defendant. [714 NYS2d 51] —Order, Supreme Court, New York County (Walter Schackman, Referee), entered February 1, 2000, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

As in *Transportation Group Mgrs. v Held* (166 AD2d 222), the alleged joint venture herein was stymied in the achieve-

ment of its specific purpose, i.e., the acquisition and development of a casino, by the "intense animus between the parties" in March of 1994. Although plaintiffs had been warned that the casino owners wanted to close an additional round of bidding by April of 1994, they allowed several months to pass without any attempt to communicate with their alleged co-venturer. A party's silence after a repudiation can demonstrate the abandonment of a joint venture (*see, e.g., Allen & Co. v Occidental Petroleum Corp.*, 382 F Supp 1052, 1060-1061, *affd* 519 F2d 788), and that is the only interpretation that can reasonably be given the facts at bar. Accordingly, the Referee properly held, as a matter of law, that the joint venture had already terminated in June of 1994, at the start of the process by which defendant Trust eventually acquired the casino. Plaintiffs' claims then, all of which depend upon the continued existence of the alleged joint partnership and the fiduciary relationships arising therefrom, were properly dismissed. We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Rubin and Buckley, JJ.